JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01831-DOC-KES                          Date:  October 4, 2023

Title: MARATHON PETROLEUM COMPANY LP V. PI STADIUM CORNER LLC ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I. Background

This is an action for breach of contract, conversion, and unfair competition concerning Plaintiff Marathon Petroleum Company LP's ("Plaintiff") land use agreement with Defendants PI Stadium Corner LLC, Pacific Industrial, LLC and Stadium C-Store and Gas, LLC (collectively, "Defendants"). Notice of Removal ("Notice") (Dkt. 1), *see also* Complaint, Notice of Removal Exhibit B ("Compl."). Plaintiff alleges that Defendants, in various capacities, violated the terms of a 1965 Ground Lease. *See* Compl. ¶ 9-24.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on September 5, 2023. Notice at 2. On September 28, 2023, Defendant removed the action to this Court. *See generally* Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01831-DOC-KES　　　　　　　　　　　　　　　　　　Date: October 4, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

## II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.　　Discussion

Defendants claim that Plaintiff "seeks adjudication of a dispute arising out of the Federal Petroleum Marketing Practices Act, 15 U.S.C. §2801, et seq, ("PMPA")" because "the contract that Plaintiffs complaint is based on is governed, in part, by PMPA." Notice at 1-2. Consequently, Defendants contend that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and that removal is proper pursuant to 28 U.S.C. § 1441. *See generally* Notice.

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). Here, Plaintiff's complaint does not allege or plead any claim raising a federal question. The face of the complaint merely states breach of contract, conversion, and unfair competition claims governed by California law. Therefore, Plaintiff's complaint fails to plead that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See also Zatta v. Societe*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01831-DOC-KES　　　　　　　　　　　　　　　　　Date: October 4, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

*Air France*, No. SA CV 11-0647 DOC, 2011 WL 2472280, at *1 (C.D. Cal. June 21, 2011) (finding no federal question jurisdiction where complaint alleged only breach of contract claim under California law). That the contract at issue may be governed, in part, by the PMPA does not mean the action arises under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

　　　　Accordingly, there is no federal question presented by this action. Additionally, there is not diversity of citizenship, and the Defendants do not assert diversity jurisidiction. 28 U.S.C. § 1332.

## IV.　　Disposition

　　　　For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange, California.

　　　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu
CIVIL-GEN